United States District Court
Southern District of Texas
**ENTERED**
September 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Gerald Hines, § <br> Petitioner, § <br> § <br> v. § <br> § <br> Bobby Lumpkin, § <br> Director, Texas Department § <br> of Criminal Justice, Correctional § <br> Institutions Division, § <br> Respondent. § | Civil Action H-21-0767 |

## Report and Recommendation

Gerald Hines filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for robbery. (D.E. 1.) Respondent Bobby Lumpkin filed a motion for summary judgment. (D.E. 6.) Hines filed a motion to dismiss the Respondent's motion for summary judgment, (D.E. 8) which court construes as Hines's response to the Respondent's motion for summary judgment. The court recommends that Lumpkin's motion for summary judgment be granted and that Hines's petition be dismissed with prejudice as time-barred.

*1. Background*

On April 25, 2019, Hines pleaded guilty to robbery in the 351st District Court of Harris County, Texas. (D.E. 7-2 at 47–48.) On the same date, the court sentenced Hines to thirty years in prison pursuant to a plea agreement. (D.E. 7-2 at 62.) Because Hines pleaded guilty, the court did not give him permission to appeal. *Id.* at 63.

On February 10, 2020, Hines filed a state application for writ of habeas corpus. (D.E. 7-2 at 20.) On June 17, 2020, the Texas Court of Criminal Appeals (TCCA) denied the application without written order. (D.E. 7-1.) Hines filed his federal petition for writ of habeas corpus on March 1, 2021. (D.E. 1.) Hines claims he received ineffective

assistance of counsel in connection with his guilty plea because trial counsel failed to investigate his prior convictions that were used to enhance his punishment. *Id.* at 6.

2. *Statute of Limitations under 28 U.S.C. § 2244*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

The limitations period for Hines's claims of ineffective assistance of counsel began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Hines waived his right to appeal his sentence, it became final on April 25, 2019, the date that he pleaded guilty and was sentenced. *See Chacon v. Stephens*, No. 4:13-CV-2184, 2014 WL 3543722, at *3 (S.D. Tex. July 14, 2014) (quoting *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Galindo v. Thaler,* No. V-08 56, 2010 WL 774170, at *2 (S.D. Tex. Mar. 2, 2010). Absent tolling, the deadline for Hines to file his federal habeas petition was April 27, 2020.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. "[A] state habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). Hines's state habeas application is deemed filed on the date he mailed it. *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). Hines signed and dated his state habeas application on February 10, 2020. (D.E. 7-2 at 20.) On June 17, 2020, the TCCA denied the application. (D.E. 7-1.) Hines's application tolled the AEDPA limitations period for 129 days. Hines's federal writ petition was due by September 3, 2020. Hines did not file his federal writ petition in federal court until March 1, 2021. It was untimely.

*3. Equitable Tolling*

The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where the petitioner was "actively misled" by the respondent "about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogration on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013)). To warrant tolling, a petitioner

must also demonstrate that he diligently pursued his rights despite the extraordinary circumstances that stood in his way. *Id.* A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

There is no evidence to suggest that equitable tolling should apply. Hines argues that he is entitled to equitable tolling because he acted with reasonable diligence when he filed his federal habeas petition within one year from the date his state petition was denied on June 17, 2020. (D.E. 8 at 3.) Hines misinterprets AEDPA's statute of limitations, which begins to run on the date Hines judgement became final, not the date his state petition was denied. Hines is not three months early in filing his federal habeas petition. He is actually six months late. (D.E. 8 at 3.) Hines fails to demonstrate any "rare and exceptional circumstances" to justify equitable tolling.

### 4. Conclusion

The court recommends that Lumpkin's motion for summary judgment be granted and that Hines's petition for writ of habeas corpus be dismissed with prejudice as time-barred. The court further recommends that all other motions be denied.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 16, 2021.

Peter Bray
United States Magistrate Judge